## NORTHERN TEXAS TRACTION CO. v. CORDOVA. (No. 2758.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1923. Rehearing Denied June 7, 1923.)

Carriers ☞320(21)—Whether collision between two cars caused by negligence of trolley company held for the jury.

In an action for injuries to a passenger resulting from a collision between two of defendant's trolley cars, whether defendant's employees were guilty of negligence held for the jury.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by E. L. Cordova against the Northern Texas Traction Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Capps, Cantey, Hanger & Short, of Fort Worth, for appellant.

Graves & Houtchens and Frank R. Graves, all of Fort Worth, for appellee.

HODGES, J. In January, 1920, the appellee was injured in a collision between two of the appellant's street cars. The car on which he was a passenger ran against the rear end of another car on the same track. The appellee filed this suit and recovered a judgment for $2,000 as damages for the personal injuries he sustained as a result of that collision.

In submitting special issues to the jury, the court assumed negligence on the part of the appellant's agents as the proximate cause of the collision, and submitted only two questions: First, was the appellee injured; and second, the damages he should have. The appellant presented and requested a charge in proper form submitting the issue of negligence. This was refused, and that ruling is the principal basis of this appeal.

The proof showed the following facts: The accident occurred about 11:30 o'clock at night on North Main street in the city of Fort Worth. Two street cars were on that line, going in the same direction, and about one block apart. The front car is referred to in the testimony as the "green car." It had no passengers and was being carried to the car barn. The rear car, the one in which the appellee was riding, carried passengers and was running about one block behind the green car. The motorman knew that the green car was in front; he testified that he had that fact in mind in regulating his speed. The night was dark, and sleet was falling. Ice had formed on the trolley wire, and the track was slick. On account of the ice on the wire the trolley of the green car came off and the lights were extinguished. The mo-

torman of the green car testified that he could not at that time see the rear car. While he was trying to replace the trolley the rear car came on, and the collision occurred before he could avoid it. The motorman of the passenger car testified that mist had formed on the glass in front of him and he could not see the front car till he was very close to it. He was going down an incline. As soon as he discovered the green car, he applied his brakes and did what he could to avoid a collision, but on account of the slick track he was unable to stop his car before striking the other. He also stated that he was traveling at the time from six to eight miles per hour.

If the facts detailed by the two motormen be true, it cannot be said as a matter of law that they were guilty of negligence in not averting the collision; that was an issue which should have been submitted to the jury.

The judgment will therefore be reversed, and the cause remanded.